Henderson, Chief-Justice,
 

 after stating the case as above proceeded: The bond is in the proper and usual form of an administration bond. The defendants rely on the fact, that the conditions of the bond were performed by the administrator’s rendering an account current as above stated, he being then also the guardian of the relators; that is, that the money acknowledged to be due to the relators in that account, by its rendition,
 
 ipso facto,
 
 passed from the possession of
 
 Elisha
 
 as the administrator of
 
 Woodward,
 
 and vested in him as the guardian of the relators. Had this been specific property, and in the actual possession of
 
 Elisha,
 
 his possession more than two years after his appointment as administrator, would unquestionably, according to the case of
 
 Clancy
 
 v.
 
 Dickey,
 
 (2
 
 Hawks
 
 497,) have been
 
 •> f \
 
 as guardian, and would so tar, have been a per-fomunce of one of the conditions of his administration
 
 *419
 
 bond, viz: a payment or delivery to the persons entitled. I presume the rule to be a sound one, that when a person has two or more capacities in which to take and hold, and takes and holds, without a declaration in which capacity he does so, it shall be taken that he holds in that capacity in which he ought of right to take and hold. He takes in the one capacity or the other, not in both ; it is therefore reasonable that he should hold in the rightful capacity, and so in the absence of proof to the contrary, the law presumes. But this rule cannot apply to money not identified or separated from other money, by putting a mark upon it, as in the case before us, w here it was not made the ward’s money ; until this is done, the condition of the bond is not performed. In this case, it remains a mere debt or duty owing to the relators, and that it should be paid to them, or some person for them, was the object of taking the bond now in suit. Whether the admission upon the record, made by the administrator, amounts to enough to charge the sureties to theguardianbond, it is unnecessary to decide. If they are charged, it will not be by proof of any fact, but by the admission of one, who is charged upon that admission by an estoppel, without regard to the actual state of the facts. As for instance, they would be charged in the presentcase, without proof that the guardian had so. much money of the estate of his intestate in his hands. On no other state of facts, either actual or by estoppel, can the sureties of the guardian he charged. The estoppels of
 
 Elisha Amasan
 
 do not affect the relators, they may insist on new rights arising on
 
 the actual facts,
 
 not on those which others are concluded from denying. It will be under» stood that I give no opinion whether the guardian bond is, or is not cumulative.
 

 Where an act is rightful in one capacity, and wrongful in another, without proof to the contrary, it is taken to be in the first.
 

 Per Curiam- — -Judgment aeeirmed^